IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ORANGEBURG DIVISION

| | |
|---|---|
| Willie Shirer, ) | |
| ) | C/A No. 5:07-1156-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Tri-County Electric Cooperative, Inc., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff Willie Shirer brings this action alleging employment discrimination against his former employer, Defendant Tri-County Electric Cooperative. Plaintiff is a black male who was born in 1947. Plaintiff alleges that he was discriminated against on the basis of his race, in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e et seq.; and his age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621.

This matter is before the court on motion for summary judgment filed by Defendant on February 18, 2009 (Entry 47). Plaintiff filed a response in opposition to Defendant's motion on March 17, 2009, to which Defendant filed a reply on March 24, 2009.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. On August 17, 2009, the Magistrate Judge issued a Report and Recommendation. The Magistrate Judge noted that, although the complaint alleged disparate treatment based on race and age, the parties had addressed only Plaintiff's claim that he had been subjected to a hostile work environment. The Magistrate Judge determined that Plaintiff had not identified an adverse employment action that could support a claim of disparate treatment. Therefore, the Magistrate Judge reviewed only Plaintiff's claims

regarding a hostile work environment. The Magistrate Judge found that Plaintiff had failed to make out a prima facie case of a hostile work environment. Accordingly, the Magistrate Judge recommended that Defendant's motion for summary judgment be granted. Plaintiff filed objections to the Report and Recommendation on September 2, 2009.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

I. FACTS

The facts are thoroughly discussed in the Report and Recommendation. Briefly, Plaintiff was employed by Defendant in 1972. He was promoted to the position of District Manager on May 1, 1998. Plaintiff was supervised by two white General Managers: Robert Wannamaker, from 1997 through July 2004, and Robert Paulling, from July 2004 to the time Plaintiff retired in January 2009. Plaintiff contends that Wannamaker and Paulling undermined his responsibilities to manage white employees under his supervision by condoning insubordination of white employees, terminating black employees without his knowledge or without cause, and otherwise sabotaging his efforts to effectively oversee employees under his supervision. Specifically, Plaintiff alleges the following acts by Wannamaker and Paulling:

2

(a) Disregarding communications from Plaintiff–oral and written–relative to disciplinary action to be taken against white male employees for failure to comply with agency policies and practices.

(b) Transferring white male employees who committed infractions, while under the direct supervision of Plaintiff, to other county job cites in lieu of taking the appropriate disciplinary action recommended by the Plaintiff.

(c) Unjustifiably terminating black employees under Plaintiff's direct supervision without the Plaintiff's knowledge or input.

(d) Failing to terminate white employees when such action was justifiable.

(e) Condoning reported racial acts toward Plaintiff by white male employee (i.e., white male signed and left on Plaintiff's desk a copy of "Certificate of Upgrade to Complete Asshole") in that no action was taken to deter same.

Complaint (Entry 1) ¶ 7. Plaintiff asserts no other District Manager, all of whom are white, were subject to such conduct.

## II. DISCUSSION

The Magistrate Judge reviewed each of the five specific allegations raised by Plaintiff. As to the discipline of white employees, the Magistrate Judge noted that Plaintiff had provided only one documented instance wherein Paulling declined to following Plaintiff's recommendation regarding the job performance of an employee, Willie Lloyd. In October 2006, Plaintiff advised Paulling that Lloyd was insubordinate, and recommended that he not receive a full merit raise and that he be suspended for three to five days. Paulling noted that Plaintiff had rated Lloyd as "just under 'exceptional'" on his September 2006 performance evaluation. Thus, Paulling concluded that suspension was not warranted; however, he approved Lloyd for only a three percent raise rather than a full four percent increase.

With respect to the transfer of white employees, the Magistrate Judge reviewed the employees identified by Plaintiff, those being Lloyd, Randy Cribb, Jeff Tisdale, and Dean Blackburn. The

Magistrate Judge found that Cribb was transferred to another facility in 1999 because of a perceived personality conflict with Plaintiff; Tisdale was transferred in 2004 after offering his resignation to Plaintiff; Blackburn was transferred in 2005 because of a perceived personality conflict with Plaintiff; and Lloyd was transferred in 2008 together with all service employees, who were then placed under the supervision of a black manager.

Regarding termination of black employees without his knowledge or input, Plaintiff identified only James Pringle. The Magistrate Judge's review of the record revealed that Pringle suffered an injury and was placed on leave of absence. He was terminated over a year later because he had exhausted his leave time.

As to the failure to terminate white employees, Plaintiff identified Lloyd, Tisdale, Cribb, and Blackburn, the same employees who were transferred to another facility. The Magistrate Judge discerned no evidence in the record, however, that Plaintiff ever recommended that these employees be discharged or that he wanted them to be discharged.

As to condoning racial acts directed at Plaintiff, the Magistrate Judge noted that Lloyd and Blackburn left a document entitled "Certificate to Upgrade to Complete Asshole" on his desk. Plaintiff advised Paulling of the incident but did not recommend any discipline be taken with respect to these two employees.

Regarding lack of communication, the Magistrate Judge recited various complaints by Plaintiff. The Magistrate Judge summarized Plaintiff's claims as Plaintiff contends that he should have been better informed of changes in policy and other issues by Paulling.

Based on these allegations, the Magistrate Judge determined that Plaintiff failed to make out a prima facie case of a hostile work environment. Plaintiff contends that the Magistrate Judge erred in so concluding. The court disagrees.

To establish a hostile work environment claim under Title VII, Plaintiff must prove the following four elements: (1) unwelcome harassment; (2) that the harassment was based on age or race; (3) that the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) that there is some basis for imposing liability on the employer. See Gilliam v. S.C. Dep't of Juvenile Justice, 474 F.3d 134, 142 (4th Cir. 2007) (quoting Spriggs v. Diamond Auto Glass, 242 F.3d 179, 183-84 (4th Cir. 2001)). However, Title VII does not provide a remedy for every instance of verbal or physical harassment in the workplace. Id. (quoting Lissau v. S. Food Serv., Inc. 159 F.3d 177, 183 (4th Cir.1998)).

Plaintiff asserts that the Magistrate Judge misapprehended his allegations regarding a hostile work environment. According to Plaintiff, the white employees under his supervision did not respect his position because he received no support from Wannamaker or Paulling. Plaintiff contends that he felt he could not appropriately evaluate his employees, and that Defendant used that as a justification not to discipline those employees. Plaintiff further disputes the Magistrate Judge's determination that Plaintiff had not demonstrated severe or pervasive harassment. Plaintiff asserts that the incidents described in the record "may have been minor but were all objective overt acts in which [Plaintiff's] authority as District Manager was undermined." Entry 62, 6.

The court concurs with the Magistrate Judge that although the claims presented by Plaintiff may support a finding of disrespect or indifference, Plaintiff has failed to meet his burden of establishing racial or age animosity. To establish harassment based on race or age, Plaintiff must

show that "but for" his age or race, he would not have been the victim of the alleged discrimination. Id. (quoting Causey v. Balog, 162 F.3d 795, 801 (4th Cir. 1998)). This determination may be made by looking at all the circumstances surrounding the alleged hostile environment, including the frequency and severity of the conduct, whether the conduct is physically threatening or humiliating, and whether it unreasonably interferes with an employee's work performance. McNeal v. Montgomery County, 307 F. App'x 766, 776 (4th Cir. 2009)(quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993)). Plaintiff's conclusory statements, without more, cannot support an actionable claim for race- or age-based discrimination. See Baquir v. Principi, 434 F.3d 733, 746 (4th Cir. 2006) (citing Causey, 162 F.3d at 801-02). Plaintiff's objections are without merit.

### III. CONCLUSION

The court adopts the Report and Recommendation and incorporates it herein by reference. Defendant's motion for summary judgment (Entry 47) is **granted**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

September 9, 2009